**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ARCUS HUNTING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TREELIMB PRODUCTS, LLC,<br><br>Defendant. | Civil Action No. 1:17-cv-___________<br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiff Arcus Hunting, LLC, for its Complaint against Defendant Treelimb Products, LLC, alleges as follows:

## THE PARTIES

1. Plaintiff, Arcus Hunting, LLC, is a Delaware limited-liability company having offices and a principal place of business at 14161 Lake Forest Drive, Unit A, Covington, Georgia 30014.

2. Defendant Treelimb Products, LLC is an Ohio limited-liability company having offices and a principal place of business at 18558 Blosser Road, Ney, Ohio 43549.

## JURISDICTION AND VENUE

3. This lawsuit involves subject matter arising under the United States trademark laws, Title 15, United States Code, the copyright laws of the United States, Title 17, United States Code and the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) as well as the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and supplemental jurisdiction under 28 U.S.C. § 1367(a).

4. As alleged more fully below, there is a substantial controversy of sufficient immediacy and reality between Plaintiff and Defendant as to Defendant's alleged copyright, trademark, trade dress and patent rights in and to Defendant's Treelimb-branded quivers ("Treelimb Quivers").

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has promoted, advertised and sold the Treelimb Quivers in Georgia.

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is doing business in Georgia.

7. Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to Plaintiff's claims alleged in this Complaint occurred in Georgia.

## BACKGROUND TO THE CONTROVERSY

8. Plaintiff is in the archery and hunting products business. Plaintiff designs, manufacturers, markets and sells a variety of archery and hunting products and acquires brands and other proprietary assets for its wholly-owned companies that are also in the archery and hunting business.

9. Defendant is in the archery and hunting products business and primarily markets and sells quivers.

10. During 2016, Defendant sold quivers to Plaintiff for Plaintiff's resale.

11. In January 2017, Plaintiff demonstrated its new Falcon-branded quivers (the "Falcon Quivers") at the Archery Trade Association Show in Indianapolis, Indiana.

12. On or about February 3, 2017, Defendant's counsel sent a cease-and-desist letter to Plaintiff in Covington, Georgia alleging that Plaintiff's Falcon Quivers infringed Defendant's copyright, trademark, trade dress and patent rights in and to Defendant's Treelimb Quivers. Defendant's letter did not reference any application numbers or registration numbers for its purported copyright, trademark, trade dress and patent rights but demanded that Plaintiff cease all sales, distribution and marketing of the Falcon Quivers. *See* Exhibit A (Defendant's February 3, 2017 letter).

13. Defendant's counsel made accusations of "Tortious Interference with Interstate (Federal) Business," "Fraud/Constructive fraud", and "Direct Conversion loss of actual and potential sales," the basis of which is not clear to Plaintiff.

14. On or about February 15, 2017, Plaintiff's counsel responded to Defendant's cease-and-desist letter denying that the Falcon Quivers infringed any of Defendant's putative copyright, trademark, trade dress or patent rights associated with Defendant's Treelimb Quivers. Counsel's February 15, 2017 letter also noted that Defendant's cease-and-desist letter failed to provide any identifying information such as application numbers or registration numbers for Defendant's putative copyright, trademark, trade dress and patent rights to the Treelimb Quivers. Nevertheless, Plaintiff offered Defendant a proposal to resolve the parties' dispute. *See* Exhibit B (Plaintiff's February 15, 2017 letter).

15. Defendant rejected Plaintiff's proposal and threatened to file an action in federal court against Plaintiff for infringement of Defendant's unidentified copyright, trademark, trade dress and patent rights. *See* Exhibits C and D (Defendant's March 5, 2017 letter and Defendant's March 28, 2017 email correspondence).

## THE CONTROVERSY

16. An actual controversy of a justiciable nature exists between Plaintiff and Defendant regarding whether Plaintiff is infringing Defendant's putative copyright, trademark, trade dress and patent rights related to its Treelimb Quivers. Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201 and 2202 to afford relief from the uncertainty and controversy that Defendant's assertions have precipitated.

## COUNT ONE: NON-INFRINGEMENT

17. Plaintiff incorporates paragraphs 1–16, above, by reference.

18. Plaintiff has not infringed and does not infringe any putative copyright, trademark, trade dress or patent rights associated with Defendant's Treelimb Quivers by any actions involving Plaintiff's Falcon Quivers.

19. Plaintiff is entitled to a declaration that it has not infringed and does not infringe Defendant's putative copyright, trademark, trade dress or patent rights associated with Defendant's Treelimb Quivers.

## COUNT TWO: NO TORTIOUS INTERFERENCE

20. Plaintiff incorporates paragraphs 1–16, above, by reference.

21. Plaintiff has not tortiously interfered with Defendant's business.

22. Plaintiff is entitled to a declaration that it has not tortiously interfered and is not tortiously interfering with Defendant's business.

## COUNT THREE: NO FRAUD/CONSTRUCTIVE FRAUD

23. Plaintiff incorporates paragraphs 1–16, above, by reference.

24. Plaintiff has not committed fraud or constructive fraud.

25. Plaintiff is entitled to a declaration that it has not committed and is not committing fraud or constructive fraud.

## COUNT FOUR: NO CONVERSION

26. Plaintiff incorporates paragraphs 1–16, above, by reference.

27. Plaintiff has not committed conversion.

28. Plaintiff is entitled to a declaration that it has not committed and is not committing conversion.

## RELIEF REQUESTED

Based on the above facts, Plaintiff respectfully requests declaratory judgment and relief against Defendant, including:

(A) A declaration that Plaintiff does not infringe Defendant's putative copyright, trademark, trade dress or patent rights associated with Defendant's Treelimb Quivers;

(B) A declaration that Plaintiff has not and is not committing tortious interference, fraud, constructive fraud, or conversion relating to Defendant's Treelimb Quivers;

(C) An injunction, preliminarily and permanently, preventing Defendant, its agents, representatives, successors, assigns, and any and all persons in active concert or participation with or under authority from Defendant, either separately or jointly, from asserting or enforcing any putative copyright, trademark, trade dress and/or patent rights associated with Defendant's Treelimb Quivers against Plaintiff, its related companies, successors, and assigns, and/or its suppliers, purchasers, or users of Plaintiff's Falcon Quivers;

(D) An injunction permanently preventing Defendant, its agents, representatives, successors, assigns, and any and all persons in active concert or participation with or under authority from Defendant, either separately or jointly, from asserting that Plaintiff has committed tortious interference, fraud, constructive fraud, or conversion relating to Defendant's Treelimb Quivers;

(E) An award to Plaintiff of its costs and attorney fees pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285; and

(F) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: April 4, 2017

**s/ Charles M. Landrum III**
Attorney Bar Number: 312056

Charles M. Landrum III
SNEED PLLC, *of Counsel*
610 Jetton St., Suite 120-107
Davidson, NC 28036
Telephone: (844) 763-3347
Email: CLandrum@SneedLegal.com

*Attorney for Arcus Hunting, LLC*